John J. LOTITO, Jr., Appellant

v.

KNIFE RIVER CORPORATION–SOUTH and Knife River Corporation, Appellees.

No. 10–11–00216–CV.

Court of Appeals of Texas, Waco.

Nov. 8, 2012.

David Dumas, Fulbright Winniford, Waco, TX, for Appellant.

Les Palmer, Haley & Olson, C. Alfred Mackenzie, Waco, TX, for Appellee.

Before Chief Justice GRAY, Justice DAVIS, and Justice SCOGGINS.

## OPINION

TOM GRAY, Chief Justice.

John J. Lotito, Jr. sued Knife River Corporation–South and Knife River Corporation[1] after his employment with Knife River Corporation–South was terminated. Lotito alleged, as an independent cause of action, promissory estoppel: that Knife River promised to employ him in Texas for four years and then relocate him to California to employ him for four more years. He also alleged breach of an alleged contract to pay to him a bonus and for unused vacation days that had accrued.

Knife River presented a no-evidence motion for summary judgment and a traditional motion for summary judgment on both causes of action. Not specifying the

_____

1. Collectively referred to as Knife River.

reason, the trial court granted both motions on the promissory estoppel cause of action and denied both motions as to the breach of contract cause of action. Lotito then non-suited all claims other than his promissory estoppel claim, and the trial court signed a final judgment that Lotito take nothing against Knife River. Lotito appeals, and we affirm.

Under the traditional summary judgment standard, the movant has the burden to show that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co., Inc.,* 690 S.W.2d 546, 548 (Tex.1985). If the order granting the summary judgment does not specify the grounds upon which judgment was rendered, we must affirm the summary judgment if any of the grounds in the summary judgment motion is meritorious. *FM Props. Operating Co. v. City of Austin,* 22 S.W.3d 868, 872 (Tex. 2000).

■■■ In its traditional motion, Knife River argued that promissory estoppel is not an independent cause of action in Texas in an employment context. We agree. Promissory estoppel is an equitable exception used to avoid a statute of frauds defense. *"Moore" Burger, Inc. v. Phillips Petroleum Co.,* 492 S.W.2d 934, 936 (Tex. 1973). It is a defensive plea that does not create a contract where none existed before, but rather prevents a party from insisting upon its strict legal rights under the statute of frauds when enforcing a noncompliant agreement would be necessary to avoid an injustice. *See Hruska v. First State Bank,* 747 S.W.2d 783, 785 (Tex. 1988); *Id.*

■■■ Lotito sought to use the doctrine of promissory estoppel as an affirmative basis for relief and cites cases which permit this. Although this Court has held that promissory estoppel is a viable cause of action in bid construction cases, *see Frost Crushed Stone Co. v. Odell Geer Constr. Co.,* 110 S.W.3d 41, 44 (Tex.App.-Waco 2002, no pet.), we have not held that it is an independent cause of action in employment cases. In fact, in the employment arena, we have stated that promissory estoppel is a shield, not a sword. *Sonnichsen v. Baylor Univ.,* 47 S.W.3d 122, 125 (Tex.App.-Waco 2001, no pet.). Consequently, in the employment context, we agree with the Beaumont and Amarillo courts of appeals and hold that promissory estoppel is defensive only, and cannot constitute a basis for affirmative relief. *See Stanley v. CitiFinancial Mortg. Co.,* 121 S.W.3d 811, 820 (Tex.App.-Beaumont 2003, pet. denied); *Robbins v. Payne,* 55 S.W.3d 740, 746–747 (Tex.App.-Amarillo 2001, pet denied). Accordingly, the trial court did not err in granting Knife River's traditional motion for summary judgment on this ground.[2]

The trial court's judgment is affirmed.

DAVIS, J., concurring.

---

2. Lotito's first issue attacks the judgment based on Knife River's traditional motion for summary judgment. Lotito's second issue attacks the judgment based on Knife River's no-evidence motion for summary judgment. The no-evidence motion for summary judgment is based on the premise that promissory estoppel is a cause of action in the employment context and attacks specific elements of such a claim. The traditional motion for summary judgment addresses, in addition to other issues, the legal question of whether promissory estoppel is a proper legal claim in the employment context. Because the no-evidence motion for summary judgment is premised on a determination that the traditional motion sought to defeat as a matter of law, we believe that it is proper to address the merits of the traditional motion for summary judgment first. We recognize that if a no-evidence motion for summary judgment and a traditional motion for summary judgment are filed which respectively asserts the plaintiff has no evidence of an element of its claim and

REX D. DAVIS J., concurring opinion.

I believe that promissory estoppel is well established in Texas law as an affirmative cause of action, but because the trial court properly entered summary judgment on Lotito's promissory estoppel claim, I respectfully concur.

The elements of promissory estoppel are: (1) a promise; (2) foreseeability of reliance on the promise by the promisor; and (3) substantial detrimental reliance by the promisee. *Frost Crushed Stone Co. v. Odell Geer Constr. Co.*, 110 S.W.3d 41, 44 (Tex.App.-Waco 2002, no pet.); *Leach v. Conoco, Inc.*, 892 S.W.2d 954, 959 n. 2 (Tex.App.-Houston [1st Dist.] 1995, writ dism'd w.o.j.) (citing *English v. Fischer*, 660 S.W.2d 521, 524 (Tex.1983); and *Collins v. Allied Pharmacy Mgmnt., Inc.*, 871 S.W.2d 929, 937 (Tex.App.-Houston [14th Dist.] 1994, no writ)); *see also Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 686 n. 25 (Tex.2002); *Wheeler v. White*, 398 S.W.2d 93, 97 (Tex.1966) ("We agree with the reasoning announced in those jurisdictions that, in cases such as we have before us, where there is actually no contract the promissory estoppel theory may be invoked, thereby supplying a remedy which will enable the injured party to be compensated for his foreseeable, definite and substantial reliance.").

In its traditional motion for summary judgment, Knife River sought summary judgment as a matter of law on several grounds, including that (1) promissory estoppel, in the employment context, is only applicable if there was a promise to execute a presently existing written agreement, and (2) Lotito's reliance on the alleged promise was unreasonable.

It is not disputed in this case that the statute of frauds would otherwise bar an oral promise of employment for eight years. Tex. Bus. & Comm.Code Ann. § 26.01(a), (b)(6) (West 2009); *see Collins*, 871 S.W.2d at 933. "[I]n some circumstances, promissory estoppel may be used to bar the application of the statute of frauds and allow enforcement of an otherwise unenforceable oral promise." *Sonnichsen v. Baylor Univ.*, 47 S.W.3d 122, 125 (Tex.App.-Waco 2001, no pet.). But in the employment context, promissory estoppel is only applicable if there was a promise to execute a presently existing written agreement (or a misrepresentation that a writing complied with the statute of frauds). *Leach*, 892 S.W.2d at 959; *Collins*, 871 S.W.2d at 937–38; *Webber v. M.W. Kellogg Co.*, 720 S.W.2d 124, 128 (Tex.App.-Houston [14th Dist.] 1986, writ ref'd n.r.e.). In his deposition, Lotito admitted that there was nothing in writing about the alleged promise of eight years of employment. Accordingly, summary judgment was proper on this ground.

Reliance, as an element of promissory estoppel, must be reasonable and justified. *Frost Crushed Stone*, 110 S.W.3d at 45. Knife River moved for summary judgment on the ground that Lotito's reliance on an alleged oral promise of eight years of employment, without any limit on Knife Riv-

---

alternatively asserts that the movant has conclusively negated that same element of the claim, that we address the no-evidence motion for summary judgment first. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). We have concluded, however, that if the traditional motion is based on the legal question of whether the plaintiff is asserting a recognized legal claim, we must first address that issue before proceeding to review a judg-

ment based on a no-evidence motion for summary judgment which purports to attack elements of the alleged claim. Further, because we have concluded that Lotito does not have a promissory estoppel claim in the employment context, we need not address Lotito's second issue in which he contends there was support for what would be elements of that claim in opposition to Knife River's no-evidence motion for summary judgment.

er's freedom to terminate Lotito's employment, was unreasonable and unjustified as a matter of law.[1] We agree. *See Collins,* 871 S.W.2d at 938. Summary judgment was also proper on this ground.

Because the trial court did not err in granting Knife River's traditional motion for summary judgment, I join the majority's affirmance of the trial court's judgment.

---

1. Lotito argues that *Hernandez v. UPS Supply Chain Solutions, Inc.,* 496 F.Supp.2d 778 (W.D.Tex.2007), shows that his reliance was reasonable and justified, but the facts in *Hernandez* are substantially distinguishable. There, the plaintiff, who was employed in Chicago, received a job offer to work for UPS in El Paso. He quit his job, broke his lease, and moved his family to El Paso, and after a couple of days of training, he was told that UPS would not honor the job offer. *Id.* at 780–81. The plaintiff sued for promissory estoppel to recover his out-of-pocket expenses, and the federal district court ruled that the plaintiff showed that his reliance on the job offer was reasonable. *Id.* at 785.